**Mary ROLLIN et vir, Appellants,**

v.

**CONDRA FUNERAL HOME, Appellee.**

No. 10534.

Court of Civil Appeals of Texas.

Austin.

Feb. 11, 1959.

Ralph W. Yarborough, Richard W. Yarborough, Tom H. Davis, Austin, for appellants.

Brown, Sparks & Erwin, Austin, for appellee.

HUGHES, Justice.

Our former opinion in this case is found in 309 S.W.2d 940. The opinion of the Supreme Court reversing our opinion and remanding this case to this Court is found in 314 S.W.2d 277.

The remand to this Court was in order that we pass upon appellants' points asserting that the jury's answers to the issues were so contrary to the great weight and preponderance of the evidence as to be clearly wrong, questions which are within our exclusive jurisdiction. Art. 5, § 6, Vol. 2, Vernon's Annotated Constitution of

the State of Texas; Art. 1820, V.A.C.S. We recognize our duty and responsibility in this regard. See Rippeteau v. Rippeteau, Tex.Civ.App., 287 S.W.2d 238.

We did not dispose of these points in our first opinion because, as we viewed the record, their determination was not required.

In our former opinion we set out the facts as deduced from the evidence fully and included therein a photograph of the scene of the collision. We refer to that opinion and adopt the factual statements therein as a part of this opinion.

After carefully reviewing this record we have reached the conclusion that appellants' points should be sustained and this cause reversed and remanded for a new trial.

We would not have reached this conclusion if this were a case principally dependent upon the testimony of witnesses whose conflicting statements were weighed and passed upon by the jury after scrutinizing the witnesses and their demeanor in court. This is a case where, in our opinion, the physical unalterable facts speak with much more force than the words of any witness.

Take, for instance, the deposition testimony of Mr. Sartor, the driver of the ambulance and the one person who should have known more about the manner in which he was driving and the circumstances surrounding the collision than any other witness. He testified that he did not notice the signal light at the intersection yet he swore that he pulled up to the light and stopped and that after looking both directions he started up, saw the Shivers car and applied the brakes. He said the ambulance did not skid.

Why did Mr. Sartor stop for the signal light if he did not see it?

Why did Mr. Sartor not see the Shivers car if he looked in the direction from which it was approaching?

Why did Mr. Sartor testify the ambulance did not skid when the unchallenged physical evidence is that it left 18′ of skid marks?

If the jury based its findings upon the testimony of Mr. Sartor we believe it was clearly wrong in so doing.

■ The physical facts, in our opinion, demonstrate that the driver of the ambulance failed to comply with Art. 6701d, Sec. 24(b), Vernon's Ann.Civ.St., requiring him, upon approaching a red signal light, as here, to slow down as necessary for safety and to proceed cautiously past such light.

If the ambulance had slowed down as necessary for safety and was proceeding cautiously through the intersection against the red light it seems most unreasonable to us that it would have skidded 18′ into the side of a car which was ¾ths of the way across the main street at the time of impact when the ambulance was then only about ¼th of the way across the side street.

■ It also seems most unreasonable to us that the driver of the ambulance was keeping a proper lookout when he failed to look for, or if he looked he failed to see, the Shivers car which, the evidence shows, could have been seen entering the intersection when the ambulance was 200 feet north of the intersection and which could have been seen by the ambulance driver when the ambulance was 75′ north of the intersection and the Shivers car was within 50′ east of the intersection.

The ends of justice require this case to be retried. It is so ordered.

Reversed and remanded.