George NEILL, Jr., Appellant,

v.

Manuel BALTAZAR, Jr., Appellee.

No. 10839.

Court of Civil Appeals of Texas.

Austin.

April 5, 1961.

Rehearing Denied April 26, 1961.

Byrd & Davis, Jack C. Eisenberg, Austin, for appellant.

William G. Washington, Rogan B. Giles, Guardian ad litem, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment based on a jury verdict, growing out of a rear end collision at the intersection of South First Street and West Mary Street, in Austin, Texas, denying appellant a recovery.

The appeal is founded on four points and are that the court in refusing a new trial because the answers of the jury to issues Nos. 10, 11 and 12 are so contrary to the great weight and preponderance of the evidence so as to be clearly wrong and unjust and because of a conversation between counsel for defendant and a juror constituted misconduct which probably resulted in an improper verdict; because of the argument to the jury by counsel for defendant by stating that since the plaintiff had been in five other collisions he was probably guilty of negligence at the time and place

in question was calculated to cause harm, and finally that the court erred in refusing a new trial for the reason that the answers of the jury to issue No. 12 is in conflict with its answer to issue No. 15.

The evidence in the trial of the case is not long and may be summarized as follows:

The plaintiff testified by deposition that he stopped for the stop sign on South First Street and saw the truck driven by defendant through the rear view mirror about 25 feet away and that he was struck by the truck and knocked forward a distance of between 150 and 200 feet, and recited other activities, such as going home, then to a doctor's office, and other things not pertinent to the causation of the collision and that he had been involved in other collisions previously.

Fred Weber, a member of the Police Department, testified that he was called to the scene of the accident and found the parties there and observed the position of the vehicles, a car driven by George Neill was across Mary Street and the truck driven by Manuel C. Baltazar, Jr., which was 30 feet north of the point of the collision; that the intersection is a four way stop; that the point of impact was determined by him to be 36 feet south of the south curb line of West Mary, at which point he observed dirt and debris on the ground; that there were no skid marks; that the streets were wet because of rain; that he did not observe any damages to the front of the truck; that the rear end and trunk lid of the Chevrolet car was damaged; that the stop sign on South First Street was behind the front of the truck; that he estimated the speed of the truck at 10 miles per hour and that of the Chevrolet to be 5 miles per hour.

Joe Simmons testified that he witnessed the collision from a gasoline station at the intersection and saw Neill sitting in a car at the intersection and saw the truck coming and strike the car knocking it 100 to 150 feet, that he did not hear any skidding of tires.

The defendant Manuel C. Baltazar, Jr. testified that he was 16 years old and had a commercial driver's license; that he was going north on South First Street and saw Neill's car stopped at the stop sign; that Neill had passed the witness about a block south of the intersection; that Neill stopped and the witness stopped; that Neill started and pulled off and that the witness started up, intending to make a right turn on West Mary, not fast; that Neill stopped suddenly and was struck by the truck before he, the witness could stop; that the car rolled forward. The witness said that he went to Neill's car to talk but could not because Neill was deaf; that a police officer issued him a ticket.

The evidence was conflicting as to the cause of the collision and as to the contributory negligence by appellant.

The jury found that the defendant did not fail to keep a proper lookout and was not driving his truck at an excessive rate of speed; the jury did find that the defendant failed to keep a safe distance between his truck and plaintiff's car that a reasonably prudent person would have kept, and that such failure was a proximate cause of the collision and that defendant failed to apply the brakes within time to avoid the collision and that such failure was negligence and a proximate cause of the collision.

The jury found that Neill stopped his automobile suddenly and that such was negligence and a proximate cause of the collision; that Neill failed to give an arm signal of his intention to stop, and that such failure was negligence but not a proximate cause of the collision.

The jury found that Neill did not fail to keep a proper lookout and found that the collision was not the result of an unavoidable accident.

Certain amounts were fixed as damages by the jury but this issue is not before us.

The court entered judgment on the verdict for the defendant.

The evidence is uncontroverted that the collision occurred a short distance south of the stop sign.

The appellant Neill was required to stop and was well within his legal right to do so and to assume that appellee would not fail to observe the stop sign and would bring his truck to a stop and avoid colliding with the automobile. The appellant, as a matter of law, did not violate any legal duty to the appellee, who was behind him, by stopping at the traffic stop sign.

Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435, er. ref., N.R.E.; Parks v. Hines, Tex.Civ.App., 314 S.W.2d 431; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621; Zandras v. Moffett, 286 Pa. 477, 133 A. 817; Jazbec v. Dodds, 55 Wash.2d 373, 347 P.2d 1054.

We believe that the jury's findings of negligence on the part of appellant is against the great weight and preponderance of the evidence. We have considered all of the evidence in the record in making our determination in this respect.

In trials before a jury the jury is the judge of the credibility of the witnesses and the weight to be given the testimony, but cannot arbitrarily reject the testimony of the disinterested witnesses whose testimony is not contradicted but must accept it as true.

Rollin v. Condra Funeral Home, Tex.Civ.App., 321 S.W.2d 108; Traders & General Insurance Company v. Keahey, Tex.Civ.App., 119 S.W.2d 618, er. dism.; Grand Fraternity v. Melton, 102 Tex. 399, 117 S.W. 788; Bollinger v. M. K. & T. Railroad Company, Tex.Civ.App., 285 S.W.2d 300, er. ref. N.R.E.

· As we have stated the verdict is clearly so against the great weight and preponderance of the evidence as to require a reversal and a new trial.

Avnet v. Hull, Tex.Civ.App., 265 S.W.2d 906, er. ref., N.R.E.; Carrico v. Busby, Tex.Civ.App., 325 S.W.2d 413, er. ref., N.R.E.

Since we are reversing and remanding this cause we do not discuss other questions as to jury misconduct, jury argument or conflict in answers to issues, because such will not likely arise on another trial.

Reversed and remanded.