The **TRAVELERS INSURANCE COMPANY**,
Appellant,

v.

**L. C. BOHANON**, Appellee.

No. 5656.

Court of Civil Appeals of Texas.

El Paso.

July 29, 1964.

Turpin, Kerr, Smith & Dyer, Thornton Hardie, Jr., Max N. Osborn, Newton J. Steele, Lawrence L. Fuller, Midland, for appellant.

Warren Burnett, Bill Alexander, Odessa, for appellee.

FRASER, Chief Justice.

This is a Workmen's Compensation case wherein the appellee was successful in obtaining a judgment under the pertinent law, as the result of the jury finding that the plaintiff had sustained total and permanent incapacity as the result of accidental injury. Plaintiff claimed that he was injured while changing a light bulb when a pipe on which he was standing collapsed, causing him to fall a distance of about six feet to the floor, landing on his right hip and lower back. The appeal here is primarily concerned with the extent of the plaintiff's disability and incapacity.

The appellant has briefed one point, in which it takes the position that the trial court committed error in overruling defendant's objection to the jury argument of plaintiff's attorney. This then presents one issue, namely, to determine from the record whether or not the argument was improper and, if so, to the extent that it likely caused the rendition of an improper verdict. This is the rule and the law, enunciated by the Supreme Court of Texas in the case of Aultman v. Dallas Railway & Terminal

Company, 152 Tex. 509, 260 S.W.2d 596. The Supreme Court in that case stated:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

We have examined the record here and considered the excerpts therefrom as found in the briefs, and have reached the conclusion that the arguments complained of here were not such as would be reasonably calculated to cause the rendition of an improper verdict.

Appellant's brief sets forth two statements to which it objected at the trial. One of such statements is as follows:

"That is the big question you have to determine in this case. * * * Is peddling apples on the streets the usual task of a workman? I don't think so."

Timely objection was made and the jury requested not to consider the statement, but the court then stated "We overrule the objection."

Appellant also objected to the following statement:

"I dare say Mr. Hardie is going to criticize Mr. Bohanon for going back to work although they didn't keep up their obligations. They cut him off cold. I guess he expected them to live on charity."

Objection was made by counsel for the appellant that the argument was outside the record, and the court replied by saying, "Go ahead."

Appellant then includes in its brief a number of other statements to which it appears there was no objection made to the trial court. We do not include these statements, but we have considered them and feel that they are neither separately nor cumulatively such as would constitute error under the rule set forth in the Aultman case. One of the statements is: "L. C. Bohanon is a Negro whose skin is black * * *." This statement, of course, was irrelevant, improper and had nothing to do with the merits of the case, but we do not believe that it constitutes error. Anyone on the jury could ascertain that fact by looking at the plaintiff, and there is no reference or suggestion that the color of his skin or his racial background would make it harder for him to secure work than anybody else, *and such is not alleged or claimed in appellant's brief.*

Certainly improper argument and inflammatory argument is to be deplored and should be excluded from any court of justice. In this respect it has long been the rule that if the improper argument is incurable, the injured party does not have to make objection at the time; but if it is curable, and an instruction to the jury by the court would remedy the matter, then such improper statement or argument is considered waived unless objected to at the time it was made.

Appellee here argues that the bill of exception is so general that it ought not to be considered in that it consists of the formal wording of a bill of exception, followed by the court reporter's record of the arguments, objections and rulings, without separating, emphasizing or pointing out any particular statement or sentence. Even though the motions for new trial and the bill of exception are general and not specific, and seven or eight of the matters complained of were not objected to at the trial, we have examined and considered the entire record of the case to ascertain if any of the matters complained of could have caused an improper judgment.

There was considerable testimony in the record on behalf of the plaintiff; that, among other things, he had found it difficult and even impossible, since his injury, to hold jobs such as working in filling stations, setting out trees, etc., in the land-

scaping business, etc. There was conflicting testimony between the treating and testifying doctors. Appellant produced evidence that the plaintiff appeared to be able to work as usual, in contradiction of plaintiff's own testimony, and evidence from witnesses, that he could not perform the usual tasks of a workman. It was also brought out that before his injury the plaintiff had finished high school and had been a successful athlete in several sports. This matter was before the jury, along with the testimony that he was not able, since the injury, to do work that involved lifting, etc. It is therefore apparent that there was evidence both ways that the jury could consider and accept or reject. This brings us to the very point in consideration here: Did any of the alleged improper argument cause the jury to render an improper verdict? We do not think so. The most serious attack is made on the statement, in the form of a question, asking whether peddling apples or pencils on the street is a usual task of a workman. It is true that there is nothing in the record with reference to peddling pencils or apples, but it has always been true that an attorney, in his arguments, may draw proper inferences and deductions from the facts and circumstances in evidence so long as such are fair and reasonable, and to relate them to the issues submitted to the jury, and to use them in reply on rebuttal to arguments of his opponent. We do not believe that the matter complained of here was in any way serious enough to have caused the jury to render an improper verdict. It must be remembered that the issue at stake was the extent of plaintiff's injuries and his capacity to work. In the briefs before us no attack is made on the court's definition or charge with reference to this matter. We repeat that the record contains evidence on both sides as to plaintiff's incapacity and injuries, both from lay and medical witnesses. The jury had before it a definition and charge to guide it in its determination as to whether or not the plaintiff was totally and permanently incapacitated.

There are many cases dealing with the subject of improper argument, but we think the citation heretofore set out with its quotation, is sufficient, adequate and accepted. Issue No. 1 specifically asked if plaintiff had sustained any total incapacity following his injury. Prior to that, the court in his charge had defined "incapacity". These are matters that the attorneys are permitted to discuss, and we do not think the argument complained of here constituted error.

Finally, appellee maintains, and has cited a number of cases, to the effect that appellant's assignment of error is too general and therefore not entitled to consideration. There appears to be considerable merit in this statement, but do not pass on this counterpoint as we feel that we have disposed of the case, as set forth above.

Appellant's point of error is therefore overruled and the judgment of the trial court is affirmed.