**Bobbie Wayne RODGERS and Patsy Willingham, Appellants,**

v.

**Bernard Luke McFARLAND, Jr., and Graystone Associates, Inc., Appellees.**

No. 5736.

Court of Civil Appeals of Texas.

El Paso.

March 23, 1966.

Rehearing Denied April 27, 1966.

John J. Watts, Odessa, for appellants.

Albert P. Smith, Lubbock, Grover Stephens, El Paso, Royce A. Oxford, Del City, for appellees.

PRESLAR, District Judge.

This is a common-law damage suit brought by Bobbie Wayne Rodgers and Patsy Willingham against Luke McFarland, Jr., the driver of the car in which they were riding, and the lender of the car, Graystone Associates, Inc. On the basis of jury answers to special issues, a take-nothing judgment was entered from which plaintiffs appeal. We affirm.

Plaintiffs and driver McFarland were on a trip from Midland to El Paso, Texas, and were injured when the car driven by McFarland collided with another. The jury found McFarland guilty of several acts of negligence proximately causing the collision, but it found that such acts were not done with a heedless and reckless disregard of the rights of plaintiffs within the meaning of the "guest" statute, Article 6701b. It was found that plaintiffs were guests of the driver; hence, the take-nothing judgment, because of the requirements of our guest statute which absolves a driver of liability to his guests unless his conduct amounts to a heedless and reckless disregard for the rights of his guests. Plaintiffs sought recovery against Graystone Associates, Inc. on the theory of negligent entrustment, alleging that the driver was incompetent and had a long list of traffic violations, which incompetence and violations were known to Graystone, or in the exercise of ordinary care should have been known to it. It was alleged that the conduct of Graystone in entrusting the car amounted to both ordinary negligence and gross negligence—heedless and reckless disregard of the rights of the plaintiffs. Plaintiffs sought exemplary damages from both the driver, McFarland, and the owner, Graystone.

Before the case went to trial, Graystone filed a motion in limine to suppress evidence as to McFarland's driving record, and in such motion Graystone stipulated and agreed that it would be liable to the same effect and extent that the verdict established the liability of McFarland; that if the verdict established liability against McFarland for damages to either of the plaintiffs, then Graystone would be jointly and severally liable to the same extent and degree, including exemplary damages.

Plaintiffs opposed the motion in limine and assign as error the refusal of the trial court to permit the introduction into evidence of the driving record of McFarland. Under this assignment of error, plaintiffs maintain that they were deprived of a ground of recovery—the independent negligence of Graystone. They urge the proposition that such owner is not entitled to the protection of the guest statute; that having entrusted the car to an incompetent driver, it is responsible for his ordinary negligence; and they urge that their pleading of gross negligence on the part of Graystone entitled them to place in evidence the driving record of the driver on that issue, and a finding of gross negligence against the owner would satisfy the requirements of the guest statute.

We see no error in the court's excluding the driving record. It would have been admissible on the issue of negligent entrustment, to establish the liability of the owner for the acts of the driver, but it became immaterial on that issue when the owner admitted liability. Public policy would not permit forcing the parties to try an issue where none existed. The doctrine of negligent entrustment is that the owner of a vehicle who knowingly turns it over to an incompetent driver is liable for wrong committed by such driver. It differs from master-servant or agency relationship, for it is founded in tort—the negligence of the owner in turning the incompetent loose on the public. If, in fact, the owner is negligent, his liability for the acts of the driver is established, and the degree of negligence of the owner would be of no consequence. Thus, in the case before us, the allegation of the owner's gross negligence is no more material than the allegation of his ordinary negligence in the face of his admission of liability for the acts of the driver. In McIntire v. Sellers, 311 S.W.2d 886 (err. ref., n. r. e.), it was contended that an issue of proximate cause should have been submitted along with the issue of the owner's negligence in entrusting, and the court said:

"We do not believe that it was necessary to submit an issue of 'proximate cause' insofar as concerned the owner's negligence in entrusting the automobile to an unlicensed driver. In the Spratling case the Supreme Court quoted from the Mundy case [Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587] as follows (Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1017):

" 'If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person.' "

Obviously, an owner who is negligent in entrusting his vehicle is not liable for such negligence until some wrong is committed by the one to whom it is entrusted. Even if the owner's negligence in permitting the driving were gross, it would not be actionable if the driver was guilty of no negligence. The driver's wrong, in the form of legal liability to the plaintiff, first must be established, then by negligent entrustment liability for such wrong is passed on to the owner. The proximate cause of the accident or occurrence is the negligence of the driver and not that of the owner. As stated in Luvual v. Henke & Pillot, Division of Kroger Co., Tex.Civ.App., 366 S.W.2d 831 (err. ref., n. r. e.):

"The only theory under which the previous acts of alleged negligence would be admissible would be to show negligence on the part of the owner of the vehicle in entrusting an incompetent driver with the vehicle, so as to make an owner liable even though the driver was not his agent or was not acting in the course or scope of employment. When agency and course and scope of employment were admitted, previous conduct became immaterial in this case. Patterson v. East Texas Motor Freight Lines, Tex.Civ.App., 349 S.W.2d 634, C.C.A., ref., n. r. e. Even if Henke & Pillot should be shown to be negligent

in entrusting this truck to Whitfield, there would be no liability unless appellant showed further that Whitfield was guilty of a negligent act that was a proximate cause of the accident. There is no such finding here. Seinsheimer et al. v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Mundy et al. v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587; Spratling et al. v. Butler et al., 150 Tex. 369, 240 S.W.2d 1016."

The wrong committed by the driver must be one for which he is liable. He is entitled to his defenses. This would include the guest statute where applicable, as here. In Farney v. Herr, 358 S.W.2d 758 (n. w. h.) it was held that the evidence did not raise the issue of gross negligence on the part of the driver, and because of the guest statute the driver was not liable for his ordinary negligence, and there would be no liability on the part of the owner as his liability was derivative of the driver's. In the case before us the driver, McFarland, was found to be guilty of ordinary negligence, for which he was not liable because of the guest statute, and the owner having admitted liability for McFarland's acts, we see no error in excluding the driving record when its admission would have given plaintiffs nothing more than they already had.

Appellant's Point of Error No. Two is that the trial court erred in not granting their motion for new trial based on jury misconduct, in that the jurors discussed their own personal experiences and knowledge of the curve in question in determining that the speed of 71 miles per hour was not negligence. Rule 327, Texas Rules of Civil Procedure, governs the requirements for new trial based on jury misconduct, and under that rule the complaining party must establish: (1) that such misconduct did in fact occur; and (2) that injury probably resulted to him. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. The first question is a fact question, as to which there is here an implied finding that such misconduct did not occur, in support of the trial court's judgment overruling the motion for new trial. The question for this court is whether such finding amounts to an abuse of discretion. Viewing the entire record in this case, we are of the opinion that there is support in the evidence for the finding, and that such finding is not an abuse of discretion by the trial court. State of Texas v. Wair, 172 Tex. 69, 351 S.W.2d 878; Selmikeit v. El Paso City Lines, Tex.Civ.App., 365 S.W.2d 840. In the absence of misconduct, the question of probable injury does not exist. The point of error is overruled.

Appellants, by their assignment of error number Three, complain of the argument of counsel for appellees as being so prejudicial and inflammatory that no instruction of the court could have cured same. No objection was made to the particular portion of the argument here complained of, and there was no motion to instruct and no motion for mistrial. As this court said in Travelers Insurance Company v. Bohanon, Tex.Civ.App., 381 S.W.2d 929, at page 930:

"Certainly improper argument and inflammatory argument is to be deplored and should be excluded from any court of justice. In this respect it has long been the rule that if the improper argument is incurable, the injured party does not have to make objection at the time; but if it is curable, and an instruction to the jury by the court would remedy the matter, then such improper statement or argument is considered waived unless objected to at the time it was made."

The assignment is that the argument is incurable; so we have examined its effect, rather than its having been waived, under the rule set out in Aultman v. Dallas Railway & Terminal Company, 152 Tex. 509,

**212**

260 S.W.2d 596, wherein the Supreme Court said:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

Our review of the argument, in the light of the entire record, does not satisfy us that the argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment. The assignment is overruled.

We have examined the remaining points of error and are of the opinion that they present no reversible error, and they are accordingly overruled and the judgment of the trial court is affirmed.