Ruby Lyles **ROGERS** et vir, Appellants,

v.

**Zollie OWENS, Appellee.**

**No. 7860.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 24, 1968.

Rehearing Denied Oct. 29, 1968.

Jack N. Price, Longview, for appellants.

Richard Grainger, Ramey, Brelsford, Flock & Devereux, Tyler, for appellee.

DAVIS, Justice.

A personal injury suit. Plaintiffs sued defendant for injuries received by Ruby Lyles Rogers as the result of the car being driven by Mrs. Rogers being struck in the rear by a car being driven by defendant. Plaintiffs, also, sued for hospital and medical expenses and damages to the car. Trial was to a jury. The jury found defendant guilty of certain acts of negligence. The jury, also, found plaintiff, Mrs. Rogers, guilty of certain acts of contributory negligence. Judgment was entered that plaintiffs take nothing. They have perfected their appeal and bring forward thirteen points of error.

By point one, plaintiffs say the trial court erred in allowing defendant's attorney to question witnesses and make jury argument concerning schizophrenic psychosis, or neurosis, predating the injury, concerning Mrs. Rogers. This was highly derogatory and inflammatory. The mental condition had no connection whatever with the injury, or to any acts by Mrs. Rogers that pertained to any issue in the lawsuit. Baltazar v. Neill, (Tex.Civ.App.1963), 364 S.W.2d 846, W.R., N.R.E. See, also, Transcontinental Bus System, Inc. v. Scirratt, (Tex.Civ.App.1964), 376 S.W.2d 56, W.R., N.R.E. The point is sustained.

By point two, plaintiffs say the trial court erred in allowing one doctor to testify to a conclusion from a report from another doctor who did not testify, and who did not identify the report, and who did not appear to give direct testimony pertaining to the conclusion, such unqualified and unsubstantiated conclusion being that plaintiff, Mrs. Rogers, was a paranoid schizophrenic. The evidence showed that the doctor who supposedly made the unqualified report had not treated Mrs. Rogers for the injuries sustained in the automobile accident, and the unqualified diagnosis had no relation whatsoever to the injuries or damages, or to any issues in this lawsuit. See the authorities cited under point one. The point is sustained.

By point three, plaintiffs say the trial court erred in allowing the defendant's attorney, in jury argument, to refer to the unemployment of the defendant since the year 1964 and to refer to surgical operations which had been required by the defendant on his face by reason of an accident wholly unrelated to this lawsuit, which reference amounted to an appeal to sympathy of the jury and an appeal to the jury to consider the effect of their answer in arriving at their verdict. This should not have occurred. It was appealing to the sympathy of the jury; and, apparently, it had its effect. The point is sustained.

By point four, plaintiffs say the trial court erred in permitting defendant's attorney to argue about Mrs. Rogers' mental condition. There is no evidence in the record that the mental condition of Mrs. Rogers had anything whatever to do with the wreck, the injury, or with any issue in this lawsuit. The argument was both prejudicial and inflammatory. Rodgers v. McFarland, (Tex.Civ.App.1966), 402 S.W. 2d 208, W.R., N.R.E. The point is sustained.

By point five, plaintiffs say the trial court erred in allowing improper reference in jury argument by defendant's attorney to the failure of plaintiffs to subpoena Drs. Hugman, Kennedy and Langston to testify in the case. It was not shown that either of the doctors were subject to the control of the plaintiffs, or were available to testify. After the trial court sustained the objection, counsel for defendant immediately made the objectionable argument again, and re-emphasized it. The argument was erroneous. Davidson v. Whitfield Transportation Company, (Tex.Civ.App., 1953), 258 S.W.2d 170, W.R., N.R.E.; Wallace v. Liberty Mutual Insurance Company, (Tex.Civ.App., 1967), 413 S.W.2d 787, W.R., N.R.E. There was no cure for the errors that were committed in this case. Southwestern Greyhound

**408**

Lines v. Dickson, (Tex.Civ.App., 1949), 219 S.W.2d 592, N.W.H. The point is sustained.

By points six through eleven, plaintiffs complain of the jury's finding of contributory negligence because there is no evidence, the findings are against the overwhelming weight of the testimony, the submission of certain special issues as to the speed Mrs. Rogers was traveling were duplicitous and a comment on the weight of the evidence, and the issues are global and give no test, or standard, as to what is meant by "slow speed", there was no proof as to the minimum speed to be observed.

Plaintiffs are complaining of special issues 9, 9a, 9b, 10, 10a, 10b, 11 and 11a.

■ Either special issues 9, 9a and 9b, or special issues 10, 10a and 10b should have been omitted. The duplicitous or global submission of these issues do not amount to a reversible error. Rule 434.

It is doubtful that there is any evidence that Mrs. Rogers failed to keep a proper lookout as inquired in issues 11 and 11a. Undoubtedly, the defendant was following Mrs. Rogers too close. He takes the position that Mrs. Rogers was "practically at a stand still" when he hit her car. The testimony definitely reveals that Mrs. Rogers' car was knocked or traveled at least one hundred and twenty-five (125) feet, after the impact, crossed the four lane street to the left before it came to a stop after the collision. The defendant testified: "Well, as I stated, it would be approximately— just an approximate, but '*WE*' were doing around thirty or thirty-five, and I immediately noticed that the situation that I was in—". (Emphasis added). Defendant's position is untenable. On the question of "no evidence" and "insufficient evidence", see 38 Texas Law Rev. 369. Since this case must be reversed and remanded, these points are sustained.

■ By points 12 and 13 plaintiffs say the trial court erred in permitting counsel for defendant to ask policeman Bland a hypothetical question about a person "stopping" in the middle of the street. The question is not supported by any evidence and is not a subject for expert testimony. The point is sustained.

Point 13 is overruled.

The judgment of the trial court is reversed and the cause is remanded.