Zollie OWENS, Petitioner,

v.

Ruby Lyles ROGERS et vir, Respondent.

No. B-1254.

Supreme Court of Texas.

Nov. 5, 1969.

Rehearing Denied Dec. 3, 1969.

Ramey, Brelsford, Flock, Devereux & Hutchins, Richard Grainger and Mike Hatchell, Tyler, for petitioner.

Price & Fisher, Jack N. Price, Longview, Jackson, for respondent.

HAMILTON, Justice.

Plaintiff-respondent Rogers brought this suit against defendant-petitioner Owens, alleging damages and injuries resulting from a rear-end automobile collision wherein the automobile driven by defendant collided with the rear-end of the automobile driven by plaintiff. The trial court jury found that defendant was guilty of two acts of negligence which were proximate causes of the collision and that the amount of damages resulting therefrom was $3,905.55. However, the jury also found that plaintiff was guilty of three acts of negligence which were proximate causes of the collision, and therefore the trial court ordered that plaintiff take nothing. Upon plaintiff's appeal, the Court of Civil Appeals reversed and remanded for a new trial. 440 S.W.2d 406. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

The collision in question occurred on a four lane divided highway. Plaintiff was traveling north in the inside lane next to the center stripe. Defendant was also traveling north in the inside lane and was directly behind plaintiff. In the outside lane was another automobile driven by Harding, which defendant had overtaken and slightly passed immediately before the collision with plaintiff. The collision oc-

curred when defendant, contemplating changing into the outside lane, glanced backwards twice to his right to locate the Harding automobile. Upon looking forward after the second glance, defendant discovered that he was overtaking plaintiff's automobile to the extent that a collision was about to result. Defendant then turned his automobile to the right, attempting to change into the outside lane in front of the Harding automobile, but the left front of defendant's automobile struck the right rear of plaintiff's automobile. Defendant testified that apparently plaintiff either stopped or considerably slowed her automobile in front of him. Plaintiff testified that she did reduce her speed but she was unsure about the extent of the reduction. The jury found that defendant was negligent in two respects: failing to keep a proper lookout and following too closely. The jury also found that plaintiff was negligent in three respects: Slowing her automobile without giving a visible signal of her intention to slow down, operating her automobile at such a slow speed as to impede the normal and reasonable movement of traffic and failing to keep a proper lookout. The jury found that each of the five acts of negligence was a proximate cause of the accident.

■ In reversing the judgment of the trial court, the Court of Civil Appeals sustained plaintiff's points concerning insufficient evidence and no evidence to support the jury findings of contributory negligence. Regarding the insufficiency point, plaintiff stated in her Amended Motion for New Trial that the trial court erred in submitting the contributory negligence issues to the jury because the " * * * evidence is insufficient to submit the issue to the jury * * *." In other words, in her Amended Motion for New Trial plaintiff was not complaining that the evidence was insufficient to support the jury findings, but rather, that it was insufficient to warrant the submission of the issues. This complaint would support a no evidence or legally insufficient evidence point of error in the Court of Civil Appeals but it would not support a factually insufficient evidence point. Hence, plaintiff's factually insufficient evidence point before the Court of Civil Appeals was not properly preserved in the Amended Motion for New Trial and therefore was waived under Rules 320 and 374, Texas Rules of Civil Procedure, and should not have been considered by the Court of Civil Appeals. "A contention that an issue should not have been submitted * * * because of the insufficiency of the evidence is subject to only one construction. It can mean only that there is no evidence to warrant submission of the issue or support the jury's finding." Garza v. Alviar, 395 S.W.2d 821, 824 (Tex.1965). See Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 Tex.Law Review 359.

■ In answer to plaintiff's no evidence point we cannot say that as a matter of law there was no evidence regarding the slow speed and slowing down contributory negligence issues. Both plaintiff and defendant testified about matters which constitute evidence in support of the jury's answers to these contributory negligence issues.

■ Some of plaintiff's points, which were sustained by the Court of Civil Appeals, concern the matter of damages. Any error relating to the damage issues would be immaterial since the jury found contributory negligence. There is no merit in plaintiff's other points which were sustained by the Court of Civil Appeals. We hold that the trial court was correct in rendering a take nothing judgment against plaintiff based on the jury findings of contributory negligence.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.