

# NUMBER 13-10-00351-CV AND NUMBER 13-10-00352-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

FRANCES RUBIO, INDIVIDUALLY,
AND AS REPRESENTATIVE OF THE
ESTATE OF HER DECEASED HUSBAND,
JOSE HINOJOSA RUBIO AND PAULA ESCOBAR,
PAM FLORES & MARY HERNANDEZ,                          Appellants,

v.

GUADALUPE MARTINEZ,                                  Appellee.

_____

On appeal from the 135th District Court
of Victoria County, Texas

_____

# MEMORANDUM OPINION

Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Perkes

Appellants, Frances Rubio, Paula Escobar, Pam Flores and Mary Hernandez (hereinafter referred to as "the Rubios" collectively),[1] appeal from the trial court's summary judgments in favor of appellee, Guadalupe Martinez (hereinafter "Martinez"). Because there is no evidence that Martinez negligently entrusted her vehicle to Juan Lopez, the driver of her vehicle, and because Martinez has established the affirmative defense of suicide as a matter of law, we affirm the trial court's judgments.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about June 2, 2006, the decedent Jose Rubio was rear ended by a car driven by Juan Lopez (hereinafter "Lopez"), but owned by Martinez. Martinez was not in the vehicle at the time of the accident. Lopez left the scene of the accident and his whereabouts remain unknown to Martinez. A police officer from the Victoria Police Department investigated the accident, reporting that Jose Rubio was not injured in the accident. On or about June 28, 2006, Jose Rubio committed suicide. The Rubios filed a lawsuit on July 28, 2008, bringing causes of action for wrongful death, a survivor action, negligent entrustment, and negligence against Lopez and Martinez.[2] The Rubios alleged that Martinez negligently entrusted her vehicle to an incompetent, untrained, and unlicensed driver. Martinez asserted the affirmative defense of suicide. On June 1, 2009, Martinez filed both a traditional and no-evidence motion for summary judgment with respect to her suicide defense. On April 30, 2010, the trial court granted Martinez's summary judgment as to the Rubios' wrongful death and survival claims.

---

[1] Frances Rubio is the surviving spouse and executrix of the estate of the deceased Jose Hinojosa Rubio. Paula Escobar, Pam Flores and Mary Hernandez are the surviving children of Jose Hinojosa Rubio.

[2] The Rubios also alleged that Lopez was in the course and scope of employment with Martinez and that the doctrine of respondeat superior applies, but the Rubios supplied no evidence in their responses to Martinez's motions for summary judgment that Lopez was employed by Martinez.

The trial court severed the wrongful death and survival causes of action from the remaining claims of negligent entrustment and negligence, and assigned cause number 08-6-67436-BB. An appeal ensued from this order under cause number 13-10-00351-CV.

On April 29, 2010, Martinez filed a no-evidence motion for summary judgment on the Rubios' negligent entrustment claim.[3] The trial court granted Martinez's motion and ordered that the negligent entrustment issue be severed from the remaining negligence claim, and assigned cause number 08-6-67436-BBB. An appeal from this order ensued under cause number 13-10-00352-CV.[4]

## II. NEGLIGENT ENTRUSTMENT

In one issue in cause number 13-10-00352-CV, the Rubios contend that the trial court erred in granting Martinez's no-evidence motion for summary judgment because she failed to demonstrate entitlement thereto as a matter of law.

### A. Standard of Review

In a no-evidence summary judgment motion under rule 166a(i), the movant must specifically state the elements for which there is no evidence. Tex. R. Civ. P. 166a(i). The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements. *Id.* When reviewing the granting of a no-evidence summary judgment motion, we review the evidence in the light most favorable to the

---

[3] A conclusion that Martinez did not negligently entrust her vehicle to Lopez would have resolved all issues in this case through summary judgment. However, Martinez's summary judgment as to the negligent entrustment issue did not contain the wrongful death and survivor causes of action. We will address these issues accordingly.

[4] There being two orders and two records, separate cause numbers were assigned to each case on appeal. These appeals, however, arise from a single case and a single set of facts in the trial court. Although neither party has sought to consolidate these appeals, in the interest of judicial economy, we issue a single opinion disposing of both appeals.

non-movant, disregarding all contrary evidence and inferences. *Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary judgment motion is improperly granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion." *Macias,* 988 S.W.2d at 317 (citing *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)). Conversely, more than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex. 1995)). We will not consider evidence attached to a no-evidence motion unless it creates a fact issue. *See Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex. 2004). Because the propriety of granting a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994).

## B. Analysis

To establish negligent entrustment of an automobile, a plaintiff must show the following: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) whom the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987).

Express permission is that which is affirmatively stated, while implied permission may be inferred from conduct between the parties in which there is acquiescence or

lack of objection signifying consent which is shown by usage and practice of the parties over a period of time preceding the occasion on which the automobile was being used. *Royal Indem. Co. v. H.E. Abbott & Sons, Inc.,* 399 S.W.2d 343, 345 (Tex. 1966).

In their response to the no-evidence motion for summary judgment, the Rubios asserted that Martinez gave implied permission to Lopez to drive her vehicle by virtue of their dating relationship and that Martinez was not credible because of certain inconsistent statements. *See* Tex. R. Civ. P. 166a. However, the Rubios brought forward no evidence that raised a fact issue on the challenged elements of whether Martinez expressly or impliedly entrusted her vehicle to Lopez. *Royal Indemnity,* 399 S.W.2d at 347. Accordingly, we overrule the Rubios' sole issue pertaining to negligent entrustment.

## II. AFFIRMATIVE DEFENSE OF SUICIDE

By four issues in cause number 13-10-00351-CV, the Rubios argue that (1) the trial court erred in granting Martinez's motion for summary judgment because she failed to establish the affirmative defense of suicide as a matter of law; (2) the trial court erred by striking Paula Escobar's affidavit; (3) the trial court erred by granting more relief than appropriate or prayed for; and (4) the trial court erred by not enforcing the terms of a Rule 11 agreement. *See* Tex. R. Civ. Proc. 11.

### A. Standard of Review

Martinez filed both a no-evidence and traditional motion for summary judgment on her defensive issue of suicide. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 93.001(a)(2) (West 2011). Only when a party conclusively proves every element of its

5

affirmative defense is it entitled to summary judgment. Tex. R. Civ. P. 166(a); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

Here, we will review this as a traditional motion because a party may never properly urge a no-evidence summary judgment on the claims or defenses on which it has the burden of proof, such as an affirmative defense. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.); see also *Michael v. Dyke,* 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.); Judge David Hittner & Lynn Liberato, *Summary Judgments in Texas: State and Federal Practice,* 46 Houston L. Rev. 1379, 1388-9 (2010).

We review the grant of a traditional summary judgment *de novo.* *Alejandro v. Bell,* 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). A trial court properly grants summary judgment for a defendant if the defendant establishes all the elements of an affirmative defense, *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997), and if the moving party establishes that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). In deciding whether there is a genuine issue of material fact, evidence favorable to the non-movant will be taken as true, and all reasonable inferences made, and all doubts resolved, in favor of the non-movant. *Am. Tobacco Co.,* 951 S.W.2d at 425; *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-9 (Tex. 1985). The non-movant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Swilley,* 488 S.W.2d 64, 68 (Tex. 1972).

6

**B. Analysis**

By their first issue, the Rubios claim that the trial court erred in granting Martinez's motion for summary judgment since she failed to demonstrate entitlement thereto as a matter of law based on an affirmative defense of suicide. TEX. CIV. PRAC. & REM. CODE ANN. § 93.001(a)(2). Section 93.001 Texas Civil Practice and Remedies Code Annotated provides in pertinent part:

> (a) It is an affirmative defense to a civil action for damages for personal injury or death that the plaintiff, at the time the cause of action arose, was:
>
> …
>
> (2) committing or attempting to commit suicide, and the plaintiff's conduct in committing or attempting to commit suicide was the sole cause of the damages sustained; provided, however, if the suicide or attempted suicide was caused in whole or in part by a failure on the part of any defendant to comply with an applicable legal standard, then such suicide or attempted suicide shall not be a defense.

*Id.*

To be entitled to summary judgment on the affirmative defense of suicide, Martinez had the burden of proving as a matter of law that at the time the wrongful death claim cause of action arose (1) Jose Rubio was committing or attempting to commit suicide and (2) that this conduct was the sole cause of damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 93.001(a)(2); *Galindo v. Dean*, 69 S.W.3d 623, 625-626 (Tex. App.—Eastland 2002, no pet.); *Bracy v. Wal-Mart Stores, Inc.,* No. 2-06-223-CV, 2007 WL 1228642, at *3 (Tex. App.—Fort Worth April 26, 2007, no pet.) (mem. op.). Once Martinez established that Jose Rubio's suicide was the sole cause of his damages, the burden then shifted to the Rubios to bring forth evidence that raised a genuine issue of material fact as to whether Martinez or Lopez failed to comply with an applicable legal standard. *See Bracy,* No. 2-06-223-CV, 2007 WL 1228642, at *3.

7

Because the statute requires that a plaintiff must be committing or attempting to commit suicide at the time the cause of action arose, we note that a cause of action for wrongful death accrues on the death of the injured person. *See also Galindo v. Dean,* 69 S.W.3d 623, 626 (Tex. App.—Eastland 2002, no pet.). Thus, the Rubios' cause of action for wrongful death accrued upon the death of Jose Rubio.

The next question under section 93.001(a) (2) is whether Jose Rubio's suicide was the sole cause of the damages sustained. Jose Rubio's death certificate, which is attached in support of Martinez's motion, indicates that the cause of death was "asphyxia due to hanging" and that "deceased . . . fashioned a noose with coat hanger [sic] and hung himself." Martinez also included the accident report as summary judgment evidence, which reflects that Jose Rubio was not injured from the accident. Thus, Martinez met her burden of establishing that Jose Rubio's suicide was the sole cause of the damages sustained. *Galindo,* 69 S.W.3d at 626-27.

Once Martinez established her entitlement to summary judgment based on the affirmative defense of section 93.001(a)(2), to avoid summary judgment under section 93.001, the burden shifted to the Rubios to establish that Jose Rubio's suicide was caused by Martinez's failure to comply with an applicable legal standard. TEX. CIV. PRAC. & REM. CODE ANN. § 93.001(a) (2); *Galindo,* 69 S.W.3d at 628. The Rubios argued that Juan Lopez violated legal standards by rear ending Jose Rubio's vehicle and by failing to stop and render aid without establishing how those violations constitute liability upon Martinez.

Because the proximate cause of the underlying accident or occurrence was Lopez's negligence, not Martinez's, *see Rodgers v. McFarland*, 402 S.W.2d 208, 210

(Tex. Civ. App.—El Paso 1966, writ ref'd n.r.e.), the evidence relied upon by the Rubios does not raise a fact issue that Martinez violated an applicable legal standard. *Bracy,* No. 2-06-223-CV, 2007 WL 1228643, **3-4; *Galindo,* 69 S.W.3d at 628. We hold that Martinez has affirmatively established each element of the affirmative defense of suicide that no genuine issue of material fact exists, and that Martinez is entitled to judgment as a matter of law. *Id.* As such, we overrule the Rubios' first issue.

By her second issue, the Rubios claim that the trial court erred by striking Paula Escobar's affidavit. The affiant, Paula Escobar is the decedent's daughter and she holds a license as a licensed vocational nurse. The essence of her affidavit attempted to establish causation—that her father's death was caused by the underlying automobile accident. However, this affidavit addressed nothing with respect to Martinez's liability. Because we have previously held that Martinez did not negligently entrust her vehicle to Lopez, the affidavit, even if allowed, would not have raised a fact issue. We overrule the Rubios' second issue.

By her third issue, the Rubios claim that the trial court erred by granting more relief than appropriate or prayed for. Specifically, the Rubios claim that the order granting summary judgment in this case only disposed of the wrongful death and survival causes of actions, but did not dispose of "normal" damages that a person might suffer in a car accident such as pain and suffering, mental anguish, physical impairment, and medical expenses. We consider this issue to be moot. After the trial court granted summary judgment on Martinez's suicide defense, which covered the Rubios' wrongful death and survival causes of action, a subsequent summary judgment on the negligent entrustment issue was granted, disposing of all remaining issues that

pertained to Martinez. The proximate cause of the accident or occurrence is the negligence of the driver and not that of the owner. *Rodgers*, 402 S.W.2d at 210. Thus, the remaining negligence cause of action referred to Lopez, the driver, and not to Martinez. We overrule the Rubios' third issue.

By their fourth issue, the Rubios argue that the trial court erred by not enforcing the terms of a Rule 11 agreement that would prevent a summary judgment hearing until after Guadalupe Martinez had been deposed. Martinez responded that the court granted a continuance and that the Rubios did in fact have sufficient time to complete discovery. The record before this court did not contain the Rule 11 agreement to which the Rubios refer, nor did it include the motion for continuance. Under these circumstances, we must presume that the missing portions of the record support the trial court's judgment. *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.) (citing *Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2003)). As such, we overrule the Rubios' fourth issue.

## IV. CONCLUSION

Having overruled the Rubios' issues on appeal, we affirm the trial court's judgments in both cause numbers 13-10-00351-CV and 13-10-00352-CV.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
28th day of July, 2011.