Errbey GALINDO, Sr. and Grace Galindo, Individually, and Errbey Galindo, Sr. as the Administrator of the Estate of Belinda Galindo, Deceased, Appellants,

v.

Ted E. DEAN, M.D., Appellee.

No. 11–01–00083–CV.

Court of Appeals of Texas, Eastland.

Jan. 10, 2002.

Jose Luis Garriga, Garriga Law Firm, Odessa, for appellants.

Mike Worley, Fernando Bustos, McCleskey, Harriger, Brazill & Graf, Lubbock, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Dr. Ted E. Dean was the emergency room physician who treated Belinda Galindo after she stabbed herself in the abdomen. Appellants sued Dr. Dean, alleging that Dr. Dean should have saved Belinda's life but failed to do so because of his breach of the appropriate standard of medical care. We affirm the trial court's summary judgment for Dr. Dean.

### Background Facts

Belinda, a 16 year old, stabbed herself and was taken to the hospital. The two self-inflicted stab wounds were to the upper quadrant of her abdomen. When she arrived at the hospital at approximately 12:40 a.m., she had low blood pressure and a fast pulse rate. At approximately 2:00 a.m., Dr. Dean performed an exploratory laparotomy that consisted of opening Belinda's abdomen to search for internal wounds that could cause internal bleeding and to repair any damage. According to his surgical report, Dr. Dean repaired two lacerations of the small bowel; repaired bleeders in the mesentery; and repaired a small laceration in the suprarenal abdominal aorta that takes blood to the kidneys. At the end of the surgery, Belinda was taken to the intensive care unit. At approximately 7:00 a.m., Belinda's blood pressure dropped precipitously. Dr. Dean was notified, and he then attempted two hours of intensive cardiopulmonary resuscitation. Belinda died at 10:10 a.m.

Appellants' wrongful death and survival claims allege that Dr. Dean was negligent because he failed to repair all of Belinda's wounds during the surgery, especially a 1/4 inch laceration of her aorta. In his motion for summary judgment,[1] Dr. Dean asserted that his evidence established that he had not departed from the required standard of care and that appellants had failed to produce expert evidence to show that he violated any appropriate standard of medical care or that he did or failed to do anything that proximately caused injury to Belinda. Dr. Dean asserted the additional ground that Belinda was committing or attempting to commit suicide; therefore, he was entitled to rely on the affirmative defense set forth in TEX. CIV. PRAC. & REM. CODE ANN. § 93.001 (Vernon Supp.2002). The trial court granted summary judgment for Dr. Dean but did not specify the grounds for its summary judgment.

### Standard of Review

A trial court must grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). A trial court properly grants summary judgment for a defendant if the defendant establishes all the elements of an affirmative defense. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the movant establishes a right to a summary judgment, the non-movant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Au-*

---

1. Dr. Dean's motion for summary judgment under TEX.R.CIV.P. 166a(c) was filed on November 5, 1996. TEX.R.CIV.P. 166a(i), providing for a "no evidence" summary judgment, did not become effective until September 1, 1997.

*thority,* 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the non-movant. *American Tobacco Company, Inc. v. Grinnell, supra* at 425; *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ The order of the trial court did not specify the grounds for its summary judgment; therefore, appellants must defeat each summary judgment ground urged by Dr. Dean. *State Farm & Casualty Company v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). We will first address Dr. Dean's affirmative defense based on Section 93.001.

*Analysis*

■ Section 93.001(a)(2) provides:

(a) It is an affirmative defense to a civil action for damages for personal injury or death that the plaintiff, at the time the cause of action arose, was:

(2) committing or attempting to commit suicide, and the plaintiff's conduct in committing or attempting to commit suicide was the sole cause of the damages sustained; provided, however, if the suicide or attempted suicide was caused in whole or in part by a failure on the part of any defendant to comply with an applicable legal standard, then such suicide or attempted suicide shall not be a defense.

■ Appellants first argue that Belinda was not committing or attempting to commit suicide at the time the causes of action arose. Their premise is that the causes of action arose at the time of Dr. Dean's alleged negligence in treating Belinda and that she was not committing or attempting to commit suicide when he treated her.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b) (Vernon Supp.2002) provides:

(b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Appellants' causes of action arose on the death of Belinda.

Belinda was still in the process of committing suicide when Dr. Dean performed the surgery. Appellants do not contest the fact that Belinda's self-inflicted wounds resulted in her bleeding to death internally. They do not contend that Dr. Dean made her condition worse. Their argument is that Dr. Dean should have reversed the course of the suicide process by taking appropriate medical steps to save her life. The process of committing suicide began when she stabbed herself and ended when she died. The causes of action arose when Belinda died, and her self-inflicted wounds caused her death.

The next question under Section 93.001(a)(2) is whether Belinda's committing or attempting to commit suicide was the sole cause of the damages sustained. Dr. Dean's summary judgment evidence included his own affidavit and the deposition testimony of Dr. Jerry Douglas Spencer, the forensic pathologist who performed an autopsy on Belinda. Both Dr. Dean and Dr. Spencer testified that Belinda's self-inflicted stab wounds were "the cause of death." Their testimony established that, as required by Section 93.001(a)(2), Belinda's suicide was the sole cause of her death.

Once Dr. Dean established his entitlement to summary judgment based on the affirmative defense of Section 93.001(a)(2), it then became necessary for appellants to come forward with contrary evidence to show why summary judgment should be

avoided. City of Houston v. Clear Creek Basin Authority, supra. Appellants introduced the affidavit of Dr. C. Roger Youmans, Jr., their expert, as evidence to show that summary judgment should be avoided because the alleged negligence of Dr. Dean also caused Belinda's death. Because of deficiencies in Dr. Youmans' affidavit, appellants presented no evidence that Belinda's suicidal stabbing was not the sole cause of her death.

In the trial court, appellants filed a response to Dr. Dean's motion for summary judgment on December 27, 1996. On January 22, 1997, Dr. Dean challenged Dr. Youmans' affidavit on the grounds that no curriculum vitae was attached, that Dr. Youmans did not swear that the facts contained therein were true, and that his affidavit referred to medical records that were not attached to his affidavit. The affidavit also failed to state that the facts were within the personal knowledge of Dr. Youmans. On January 24, 1997, appellants filed a motion for leave to file an amended response to Dr. Dean's motion for summary judgment; however, appellants neither obtained a ruling nor amended Dr. Youmans' affidavit. The trial court granted Dr. Dean's motion for summary judgment on June 5, 2000, 3½ years later. Appellants were given ample opportunity to amend Dr. Youmans' affidavit.

■■■ An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994). The failure to attach to Dr. Youmans' affidavit sworn or certified copies of the extraneous documents referred to in the affidavit constituted a defect in the substance of the affidavit. *Ceballos v. El Paso Health Care Systems*, 881 S.W.2d 439, 445 (Tex.App.-El Paso 1994, writ den'd); *Gorrell v. Texas*

*Utilities Electric Company*, 915 S.W.2d 55 (Tex.App.-Fort Worth 1995), *writ den'd per curiam*, 954 S.W.2d 767 (Tex.1997). We find that Dr. Youmans' affidavit was deficient because it did not meet the requirements of TEX.R.CIV.P. 166a(f). Therefore, it was insufficient to raise any fact issues. *Ceballos v. El Paso Health Care Systems, supra* at 441.

■■■ After the trial court entered summary judgment for Dr. Dean, appellants filed a motion for new trial and attached portions of Dr. Youmans' deposition testimony. Dr. Youmans' deposition was taken on July 6, 1998, 17 months after Dr. Dean challenged Dr. Youmans' affidavit. The motion for new trial did not provide any newly discovered evidence. Opposing papers that are not timely filed may be disregarded by the trial court. See *Pinckley v. Dr. Francisco Gallegos, M.D.*, 740 S.W.2d 529, 532 (Tex.App.-San Antonio 1987, writ den'd). The deposition testimony was not part of the summary judgment proceedings and has been disregarded in our review of the trial court's summary judgment.

■■■ Appellants argue that Dr. Dean's alleged failure to comply with the applicable medical standard "caused" Belinda's death within the meaning of the last clause of Section 93.001(a)(2), which reads:

[P]rovided, however, if the suicide or attempted suicide was caused in whole or in part by a failure on the part of any defendant to comply with an applicable legal standard, then such suicide or attempted suicide shall not be a defense.

Even if Dr. Youmans' affidavit had not been deficient, we disagree with appellants' reading of Section 93.001(a)(2). We need only look at the plain meaning of the statute because the statutory language is unambiguous. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990). The

statute requires that appellants show that Belinda's *suicide* was caused by Dr. Dean's alleged failure to comply with an applicable legal standard. To adopt appellants' reading of the proviso, we would have to change the phrase to "if the bodily injury or *death* was caused in whole or in part." There is no evidence that Dr. Dean caused Belinda's suicide.

Appellants' reliance on *Kassen v. Hatley*, 887 S.W.2d 4 (Tex.1994), is misplaced. There, a mental health patient committed suicide after being denied admission to a psychiatric hospital. The doctor and the charge nurse in the emergency room withheld the patient's medicine when she left the hospital. The patient committed suicide a short time later by stepping into freeway traffic. The Texas Supreme Court rejected an argument that the defendants had established an affirmative defense under Section 93.001(a)(2) because there were genuine issues of material fact as to whether the doctor was negligent in discharging the patient without her medication and as to whether that action was a cause of the patient's suicide.

Dr. Dean's affirmative defense under Section 93.001(a)(2) provided a valid ground for the trial court's summary judgment in his favor. Therefore, we need not address the other grounds urged in his motion for summary judgment.

### This Court's Ruling

We affirm the judgment of the trial court.