NUMBER 13-10-00351-CV AND NUMBER 13-10-00352-CV 

 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

FRANCES
RUBIO, INDIVIDUALLY, 

AND
AS REPRESENTATIVE OF THE 

ESTATE
OF HER DECEASED HUSBAND, 

JOSE
HINOJOSA RUBIO AND PAULA ESCOBAR, 

PAM
FLORES & MARY HERNANDEZ,                                             Appellants,

 

v.



 

GUADALUPE MARTINEZ,                                                        Appellee.

 



 

On appeal from the 135th District Court

of Victoria County, Texas

____________________________________________________

 

MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes

Memorandum Opinion by Justice Perkes

          Appellants, Frances Rubio,
Paula Escobar, Pam Flores and Mary Hernandez (hereinafter referred to as “the Rubios”
collectively),[1] appeal from the
trial court’s summary judgments in favor of appellee, Guadalupe Martinez
(hereinafter “Martinez”). Because there is no evidence that Martinez
negligently entrusted her vehicle to Juan Lopez, the driver of her vehicle, and
because Martinez has established the affirmative defense of suicide as a matter
of law, we affirm the trial court’s judgments.

I.  FACTUAL AND PROCEDURAL Background

            On or about June 2, 2006, the decedent Jose Rubio was rear
ended by a car driven by Juan Lopez (hereinafter “Lopez”), but owned by
Martinez.  Martinez was not in the vehicle at the time of the accident.  Lopez
left the scene of the accident and his whereabouts remain unknown to Martinez. 
A police officer from the Victoria Police Department investigated the accident,
reporting that Jose Rubio was not injured in the accident.  On or about June
28, 2006, Jose Rubio committed suicide.  The Rubios filed a lawsuit on July 28,
2008, bringing causes of action for wrongful death, a survivor action,
negligent entrustment, and negligence against Lopez and Martinez.[2]  The Rubios
alleged that Martinez negligently entrusted her vehicle to an incompetent,
untrained, and unlicensed driver.  Martinez asserted the affirmative defense of
suicide.  On June 1, 2009, Martinez filed both a traditional and no-evidence
motion for summary judgment with respect to her suicide defense.  On April 30,
2010, the trial court granted Martinez’s summary judgment as to the Rubios’ wrongful
death and survival claims.  The trial court severed the wrongful death and
survival causes of action from the remaining claims of negligent entrustment
and negligence, and assigned cause number 08-6-67436-BB.  An appeal ensued from
this order under cause number 13-10-00351-CV.  

            On April 29, 2010, Martinez filed a no-evidence motion for
summary judgment on the Rubios’ negligent entrustment claim.[3]  The trial court
granted Martinez’s motion and ordered that the negligent entrustment issue be
severed from the remaining negligence claim, and assigned cause number 08-6-67436-BBB. 
An appeal from this order ensued under cause number 13-10-00352-CV.[4]  

II.  NEGLIGENT ENTRUSTMENT

            In one issue in cause number 13-10-00352-CV, the Rubios contend
that the trial court erred in granting Martinez’s no-evidence motion for summary
judgment because she failed to demonstrate entitlement thereto as a matter of
law.  

            A. 
Standard of Review  

            In a no-evidence
summary judgment motion under rule 166a(i), the movant must specifically state
the elements for which there is no evidence. Tex. R.
Civ. P. 166a(i). The burden then shifts to the non-movant to bring forth
evidence that raises a fact issue on the challenged elements. Id.  When reviewing the
granting of a no-evidence summary judgment motion, we review the evidence in
the light most favorable to the non-movant, disregarding all contrary evidence
and inferences.  Macias v.
Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). A no-evidence summary judgment motion is improperly
granted if the non-movant brings forth more than a scintilla of evidence to
raise a genuine issue of material fact. Tex. R. Civ. P.
166a(i).  Less than a scintilla of evidence exists when the evidence is “so
weak as to do no more than create a mere surmise or suspicion.”  Macias, 988 S.W.2d at 317
(citing Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983)).  Conversely, more than a
scintilla of evidence exists when the evidence “rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions.”  Id. (citing Burroughs Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995)).  We will not consider evidence attached to a
no-evidence motion unless it creates a fact issue.  See Binur v. Jacobo, 135 S.W.3d 646, 651
(Tex. 2004).  Because the propriety of granting a summary judgment is a
question of law, we review the trial court's decision de novo. Natividad v. Alexsis, Inc.,
875 S.W.2d 695, 699 (Tex. 1994). 

            B. 
Analysis  

            To establish
negligent entrustment of an automobile, a plaintiff must show the following:  (1)
entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or
reckless driver; (3) whom the owner knew or should have known to be unlicensed,
incompetent, or reckless; (4) the driver was negligent on the occasion in
question; and (5) the driver's negligence proximately caused the accident.  Schneider
v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987).  

Express permission is that which is
affirmatively stated, while implied permission may be inferred from conduct between
the parties in which there is acquiescence or lack of objection signifying
consent which is shown by usage and practice of the parties over a period of
time preceding the occasion on which the automobile was being used.  Royal Indem. Co. v. H.E. Abbott & Sons, Inc., 399 S.W.2d 343,
345 (Tex. 1966).  

In their response to the no-evidence
motion for summary judgment, the Rubios asserted that Martinez gave implied
permission to Lopez to drive her vehicle by virtue of their dating relationship
and that Martinez was not credible because of certain inconsistent statements. 
See Tex. R. Civ. P. 166a.  However, the Rubios brought forward no
evidence that raised a fact issue on the challenged elements of whether Martinez
expressly or impliedly entrusted her vehicle to Lopez.  Royal
Indemnity, 399 S.W.2d at 347.  Accordingly, we overrule the Rubios’ sole
issue pertaining to negligent entrustment.

II.  AFFIRMATIVE DEFENSE OF SUICIDE

            By four issues in cause number 13-10-00351-CV, the Rubios
argue that (1) the trial court erred in granting Martinez’s motion for summary
judgment because she failed to establish the affirmative defense of suicide as
a matter of law; (2) the trial court erred by striking Paula Escobar’s affidavit;
(3) the trial court erred by granting more relief than appropriate or prayed
for; and (4) the trial court erred by not enforcing the terms of a Rule 11
agreement.  See Tex. R. Civ. Proc. 11.  

A.  Standard of Review  

Martinez filed both a no-evidence and
traditional motion for summary judgment on her defensive issue of suicide.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 93.001(a)(2) (West 2011).  Only when a party conclusively proves
every element of its affirmative defense is it entitled to summary
judgment. Tex. R. Civ. P. 166(a); Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  

Here, we will review this as a traditional
motion because a party may never properly urge a no-evidence summary
judgment on the claims or defenses on which it has the burden of proof, such as
an affirmative defense.  Nowak v. DAS Inv. Corp., 110 S.W.3d 677, 680
(Tex. App.—Houston [14th Dist.] 2003, no pet.); see also Michael v. Dyke,
41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.); Judge David
Hittner & Lynn Liberato, Summary Judgments in Texas: State and Federal
Practice, 46 Houston L. Rev. 1379, 1388-9 (2010).  

We review the grant of a traditional
summary judgment de novo.  Alejandro v. Bell, 84 S.W.3d 383, 390 (Tex. App.—Corpus
Christi 2002, no pet.).  A trial court properly grants summary judgment for a
defendant if the defendant establishes all the elements of an affirmative
defense, Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997), and if the moving party establishes that no genuine issue of material
fact exists and that he is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).
 In
deciding whether there is a genuine issue of material fact, evidence favorable
to the non-movant will be taken as true, and all reasonable inferences made,
and all doubts resolved, in favor of the non-movant.  Am. Tobacco Co., 951
S.W.2d at 425; Nixon v. Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546,
548-9 (Tex. 1985).  The non-movant has no burden to respond to a traditional
summary judgment motion unless the movant conclusively establishes its cause of
action or defense. Swilley, 488 S.W.2d 64, 68 (Tex. 1972).  

 

B.  Analysis  

By their first issue, the Rubios claim
that the trial court erred in granting Martinez’s motion for summary judgment
since she failed to demonstrate entitlement thereto as a matter of law based on
an affirmative defense of suicide.  Tex.
Civ. Prac. & Rem. Code Ann. § 93.001(a)(2).  Section 93.001 Texas
Civil Practice and Remedies Code Annotated provides in pertinent part:

(a) It is an affirmative defense to
a civil action for damages for personal     injury or death that the plaintiff,
at the time the cause of action arose, was:

 

…

 

(2) committing or attempting to commit suicide, and
the plaintiff's conduct in committing or attempting to commit suicide was the
sole cause of the damages sustained; provided, however, if the suicide or
attempted suicide was caused in whole or in part by a failure on the part of
any defendant to comply with an applicable legal standard, then such suicide or
attempted suicide shall not be a defense.

Id.

To be entitled to summary judgment on the
affirmative defense of suicide, Martinez had the burden of proving as a matter
of law that at the time the wrongful death claim cause of action arose (1) Jose
Rubio was committing or attempting to commit suicide and (2) that this conduct
was the sole cause of damages.  See Tex.
Civ. Prac. & Rem. Code Ann. § 93.001(a)(2); Galindo v. Dean, 69 S.W.3d 623,
625-626 (Tex. App.—Eastland 2002, no pet.);  Bracy v. Wal-Mart Stores, Inc., No. 2-06-223-CV,
2007 WL 1228642, at *3 (Tex. App.—Fort Worth April 26, 2007, no pet.) (mem.
op.). 
Once
Martinez established that Jose Rubio’s suicide was the sole cause of his
damages, the burden then shifted to the Rubios to bring forth evidence that
raised a genuine issue of material fact as to whether Martinez or Lopez failed
to comply with an applicable legal standard.  See Bracy, No.
2-06-223-CV, 2007 WL 1228642, at *3.          

            Because the statute requires that a plaintiff must be
committing or attempting to commit suicide at the time the cause of action
arose, we note that a cause of action for wrongful death accrues on the death
of the injured person.  See also Galindo v. Dean, 69 S.W.3d 623, 626
(Tex. App.—Eastland 2002, no pet.).  Thus, the Rubios’ cause of action for
wrongful death accrued upon the death of Jose Rubio.  

The next question under section 93.001(a) (2)
is whether Jose Rubio’s suicide was the sole cause of the damages sustained. 
Jose Rubio’s death certificate, which is attached in support of Martinez’s
motion, indicates that the cause of death was “asphyxia due to hanging” and
that “deceased . . . fashioned a noose with coat hanger [sic] and hung
himself.”  Martinez also included the accident report as summary judgment
evidence, which reflects that Jose Rubio was not injured from the accident. 
Thus, Martinez met her burden of establishing that Jose Rubio’s suicide was the
sole cause of the damages sustained.  Galindo, 69 S.W.3d at 626-27.  

Once Martinez established her entitlement
to summary judgment based on the affirmative defense of section 93.001(a)(2),
to avoid summary judgment under section 93.001, the burden shifted to the
Rubios to establish that Jose Rubio’s suicide was caused by Martinez’s failure
to comply with an applicable legal standard.  Tex. Civ.
Prac. & Rem. Code Ann. § 93.001(a) (2); Galindo, 69 S.W.3d at 628.  The Rubios
argued that Juan Lopez violated legal standards by rear ending Jose Rubio’s
vehicle and by failing to stop and render aid without establishing how those
violations constitute liability upon Martinez.    

            Because the proximate cause
of the underlying accident or occurrence was Lopez’s negligence, not Martinez’s,
see Rodgers v. McFarland, 402 S.W.2d 208, 210 (Tex. Civ. App.—El Paso
1966, writ ref’d n.r.e.), the evidence relied upon by the Rubios does not raise
a fact issue that Martinez violated an applicable legal standard.  Bracy, No.
2-06-223-CV, 2007 WL 1228643, **3-4; Galindo, 69 S.W.3d at 628.  We hold
that Martinez has affirmatively established each element of the affirmative
defense of suicide that no genuine issue of material fact exists, and that
Martinez is entitled to judgment as a matter of law.  Id.  As such, we
overrule the Rubios’ first issue.      

            By her second issue, the Rubios claim that the trial court
erred by striking Paula Escobar’s affidavit.  The affiant, Paula Escobar is the
decedent’s daughter and she holds a license as a licensed vocational nurse.  The
essence of her affidavit attempted to establish causation—that her father’s
death was caused by the underlying automobile accident.  However, this affidavit
addressed nothing with respect to Martinez’s liability.  Because we have
previously held that Martinez did not negligently entrust her vehicle to Lopez,
the affidavit, even if allowed, would not have raised a fact issue.  We
overrule the Rubios’ second issue.

            By her third issue, the Rubios claim that the trial court
erred by granting more relief than appropriate or prayed for.  Specifically,
the Rubios claim that the order granting summary judgment in this case only
disposed of the wrongful death and survival causes of actions, but did not
dispose of “normal” damages that a person might suffer in a car accident such as
pain and suffering, mental anguish, physical impairment, and medical expenses. 
We consider this issue to be moot.  After the trial court granted summary
judgment on Martinez’s suicide defense, which covered the Rubios’ wrongful
death and survival causes of action, a subsequent summary judgment on the
negligent entrustment issue was granted, disposing of all remaining issues that
pertained to Martinez.  The proximate cause of the accident or occurrence is the
negligence of the driver and not that of the owner.  Rodgers, 402 S.W.2d
at 210.
 Thus, the remaining negligence cause of action referred to Lopez, the driver,
and not to Martinez.  We overrule the Rubios’ third issue.

            By their fourth issue, the Rubios argue that the trial
court erred by not enforcing the terms of a Rule 11 agreement that would
prevent a summary judgment hearing until after Guadalupe Martinez had been
deposed.  Martinez responded that the court granted a continuance and that the Rubios
did in fact have sufficient time to complete discovery.  The record before
this court did not contain the Rule 11 agreement to which the Rubios refer, nor
did it include the motion for continuance.  Under these circumstances, we must
presume that the missing portions of the record support the trial court's
judgment. In re A.W.P., 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no
pet.) (citing Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2003)).  As
such, we overrule the Rubios’ fourth issue.

            IV.  CONCLUSION

Having overruled the Rubios’ issues on
appeal, we affirm the trial court’s judgments in both cause numbers
13-10-00351-CV and 13-10-00352-CV.

 

                                                                        ______________________________

                                                                        GREGORY
T. PERKES

                                                                                    Justice

 

Delivered and filed the

28th day of July, 2011.      









[1] Frances Rubio is the surviving spouse
and executrix of the estate of the deceased Jose Hinojosa Rubio.
Paula Escobar, Pam Flores and Mary Hernandez are the surviving children of Jose
Hinojosa Rubio. 





 

            [2] The
Rubios
also alleged that Lopez was in the course and scope of employment with Martinez
and that the doctrine of respondeat superior applies, but the Rubios supplied no evidence in
their responses to
Martinez’s motions for summary judgment that
Lopez was employed by Martinez.   





[3] A
conclusion that Martinez did not negligently entrust her vehicle to Lopez would
have resolved all issues in this case through summary judgment.  However,
Martinez’s summary judgment as to the negligent entrustment issue did not
contain the wrongful death and survivor causes of action.  We will address
these issues accordingly.

 





            [4]
There being two orders and two records,
separate cause numbers were assigned to each case on appeal.  These appeals, however,
arise from a single case and a single set of facts in the trial court.  Although
neither party has sought to consolidate these appeals, in the interest of
judicial economy, we issue a single opinion disposing of both appeals.