

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00091-CV

_____

BRAMMER PETROLEUM, INC., Appellant

V.

BAGLEY MINERALS, L.P., BILLY MCFADDEN,
AND ARTHUR MCFADDEN, Appellees

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2013-457

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Summary judgment was awarded to Bagley Minerals, L.P., Billy McFadden, and Arthur McFadden (collectively Bagley) against Brammer Petroleum, Inc., based on a finding that three relevant oil and gas leases terminated because Brammer failed to commence operations for more than ninety days after a cessation of production, as provided by the leases.

On appeal, Brammer contends that the summary judgment was granted in error because: the trial court improperly struck a portion of Larry Brammer's affidavit, there was a disputed issue of fact as to whether Bagley had denied Brammer access to the well, there was a disputed issue of fact as to whether there was a cessation of production for more than ninety days, and Bagley failed to plead and prove the elements of their trespass-to-try-title claim.

We reverse and remand the case for further proceedings, because whether production ceased for more than ninety days remains a disputed issue of fact.

In the early 1980s, Billy McFadden and his wife Janie McFadden, Arthur McFadden and his wife Janis McFadden, and Una Hunt Bagley and J.F. Bagley executed three oil and gas leases to Marshall Exploration, Inc. The pertinent terms and conditions of the three leases are the same. The parties stipulated in this suit that Bagley Minerals, LP, is the successor to Una Hunt Bagley and J.F. Bagley and assignee of the Bagley lease.

The leases provided that the lessee shall have the right to use of the land for purposes of drilling and operations. The term specified in the leases stated:

> Unless sooner terminated or longer kept in force under other provisions hereof, this
> lease shall remain in force for a term of three years from the date hereof, hereinafter
> called "primary term," and as long thereafter as operations, as hereinafter defined,

are conducted on said land with no cessation for more than ninety (90) consecutive days.

Operations, as the term is defined in the leases, includes the production of oil, gas, or other minerals. In the event production ceases for more than ninety days, the leases may be extended by the payment of shut-in royalties.[1] The leases also expressly allow both the right of assignment and for the lessee to pool the leases with other leases.

The three leases were pooled into the Una Bagley Gas Unit, and a prior operator drilled the Una Bagley Gas Unit #1 Well (the Bagley Well) on the unit. Through later assignments, Brammer became the operator of the Bagley Well in 1996. The Bagley Well continuously produced gas in paying quantities from 1996 well into the year 2013, except for brief temporary periods when the well was shut in for repairs.

On December 2, 2013, Bagley filed suit against Brammer, with their third amended petition alleging causes of action for trespass to try title and breach of oil and gas lease, as well as requesting a declaratory judgment that the leases had terminated under their own terms due to Brammer's failure to conduct operations for more than ninety days.[2] Brammer entered a general denial. The parties later agreed to transfer the case to the County Court at Law in Panola County.[3] Bagley filed a traditional motion for summary judgment, relying on the leases, affidavits from Bagley and the McFaddens, business documents from SEI Energy, LLC, and excerpts from the

---

[1]It is undisputed that Brammer failed to timely pay shut-in royalties.

[2]Bagley's lawsuit also asserted a claim for Brammer's alleged failure to plug and remediate a second well on the property. However, the trial court later granted Bagley's motion to nonsuit the claims.

[3]The Honorable Michael J. O'Neill was later appointed as the presiding judge in this matter by the administrative judge for the First Administrative Judicial Region.

deposition of Brammer's President, Larry Brammer. Bagley also sought a no evidence summary judgment, arguing that Brammer had no proof of having paid shut-in royalties and had no proof that it had conducted operations during the ninety days in question. Brammer responded to the motion, attaching affidavits, documentary evidence, and deposition testimony to its response, arguing in pertinent part that Bagley had failed to allege and prove its claim for trespass to try title and that there were disputed issues of fact regarding whether production had ceased for more than ninety days and whether the McFaddens denied Brammer access to the well, thus forgiving any lack of performance.

The trial court heard Bagley's motions for summary judgment and denied the no-evidence motion for summary judgment but granted Bagley's traditional motion for summary judgment on the trespass-to-try-title claim. The trial court found that there was no genuine issue of material fact that production ceased, that Brammer failed to conduct operations on the well for a period in excess of ninety consecutive days, and that, because Brammer failed to timely pay shut-in royalties, the leases terminated "no later than August 28, 2013." The judgment awarded Bagley fee simple mineral ownership of the tracts described in the leases.

Because they are dispositive, we address Brammer's third and fourth points of error first. In granting summary judgment in favor of Bagley, the trial court held that, no later than August 28, 2013, the leases terminated and ownership of the minerals reverted to Bagley because there was no production on the well for more than ninety consecutive days and Brammer failed to conduct operations on the well or timely pay shut-in royalties. Brammer contends that the trial court erred

4

because there is a fact issue regarding whether there was a cessation of production for more than ninety days. We agree.

We conduct a de novo review of a summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In order to prevail on a traditional summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). In our review, all competent evidence favorable to the nonmovant is accepted as true, and "we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

Bagley bore the burden of proving that no production or other well-related operations occurred in the ninety days before August 28, 2013. The records of the well's contract pumper, Michael Gary, show that there was no production from the well in May, June, and July 2013. However, during his deposition testimony, the following colloquy occurred:

> Q. So then when you continue on down that report, that page of the report we were looking at in the June, July, August and September of 2013 time frame . . .
>
> A. Uh-huh.
>
> Q. Like, for instance, in July of 2013 you see 69 Mcf of gas produced and 69 Mcf disposition. Does that sound like a reduced amount of production for this well to you or can you remember?
>
> . . . .
>
> A. Well, it seems like it is definitely a reduced amount looking at your other production numbers.

If conflicting inferences may be drawn from summary judgment evidence produced by the same party, a fact issue is presented which defeats summary judgment.[4] *Tenowich v. Sterling Plumbing Co.*, 712 S.W.2d 188, 189 (Tex. App.—Houston [14th Dist.] 1986, no writ) (same party's affidavit and deposition gave rise to conflicting material inferences). Indulging every reasonable inference in Brammer's favor, as we must, we find that a reasonable fact-finder could infer from the deposition testimony that there was production from the well in July 2013.[5] *See Rubio*, 185 S.W.3d at 846.

Because there is evidence giving rise to whether production had ceased for more than ninety days, we sustain this point of error, reverse the trial court's summary judgment, and remand

---

[4]There is no evidence that the deposition or pumping records were produced after the motion for summary judgment to create a sham fact issue in an effort to defeat summary judgment. *See Burkett v. Welborn*, 42 S.W.3d 282, 286 (Tex. App.—Texarkana 2001, no pet.); *Eslon Thermoplastics v. Dynamic Sys., Inc.*, 49 S.W.3d 891, 901 (Tex. App.—Austin 2001, no pet.).

[5]Bagley argues that the deposition testimony is not admissible, competent summary judgment evidence because it references an unidentified document that was not attached to the deposition. Bagley admits that there was no objection to the evidence at trial, but, citing several cases, argues that it may be raised for the first time on appeal. The cases cited by Bagley all involve affidavits held to be substantively defective as summary judgment evidence because they failed to attach documents referenced therein, but the facts of the present case are distinguishable because the challenged evidence is deposition testimony, where Bagley was present to cross-examine Gary, lodge objections, and/or seek clarification of his testimony. *See Galindo v. Dean*, 69 S.W.3d 623, 627 (Tex. App.—Eastland 2002, no pet.); *Sunsinger v. Perez*, 16 S.W.3d 496, 500–01 (Tex. App.—Beaumont 2000, pet. denied); *Natural Gas Clearinghouse v. Midgard Energy Co.*, 23 S.W.3d 372, 378–79 (Tex. App.—Amarillo 1999, pet. denied); *Mincron SBC Corp. v. Worldcom, Inc.*, 994 S.W.2d 785, 795–96 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Therefore, we find the cases inapplicable, and Bagley, having failed to object at trial, failed to preserve any challenge to the deposition testimony. *See* TEX. R. CIV. P. 166a(f).

the case for further proceedings.  As our resolution of this point of error is dispositive, we need not address the remaining points of error.

<div style="margin-left: 45%;">

Josh R. Morriss, III
Chief Justice
</div>

Date Submitted:  April 1, 2016
Date Decided:   June 8, 2016