**Affirmed and Opinion filed March 5, 2024.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-23-00234-CV**

**GUADALUPE RODRIGUEZ, Appellant**

**V.**

**ACADEMY, LTD. D/B/A ACADEMY SPORTS + OUTDOORS, Appellee**

**On Appeal from the 353rd District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-22-003147**

## O P I N I O N

Appellant Guadalupe Rodriguez appeals the trial court's summary judgment dismissing his claims against appellee Academy, Ltd. Academy sold a handgun to Rodriguez's daughter, who within hours used it to take her life by suicide. Rodriguez sued Academy for negligence, and the trial court granted summary judgment for Academy. Because we agree that at least one of the grounds raised in Academy's summary-judgment motion is meritorious, we affirm the trial court's judgment.

## Background

On a night in June 2021, Rodriguez's 29-year-old daughter, Kristina, purchased a firearm and ammunition from an Austin-area Academy sporting goods store. Later that night, while sitting alone in her parked car in a lot adjacent to the Academy store, Kristina used the gun and ammunition to commit suicide.

According to the investigating officer's police report, Rodriguez told the officer that Kristina "had a history of suicide, hospitalization, and was prescribed Xanax." Rodriguez "didn't understand how she could've purchased a handgun given her mental health history at that time of night." Rodriguez wanted to know if anyone had reviewed Academy's surveillance camera footage and whether Kristina displayed any signs of intoxication at the time she purchased the gun. One of Academy's employees "reviewed the cameras" and said that Kristina "entered into the business alone and walked in normally before 10:00 PM."[1] The investigating officer spoke to the Academy employee who sold Kristina the gun; that employee said that Kristina "seemed in good spirits and said she planned to visit her family the following day and go to the gun range with her father on his birthday." The police report also referenced a "dating disturbance" from the prior month, in which Kristina's partner "called and stated Kristina was feeling suicidal but when officers made contact with her, she stated she was not suicidal."

Rodriguez sued Academy, alleging negligence, gross negligence, and negligence per se. Academy moved for traditional summary judgment on two grounds: (1) the federal Protection of Lawful Commerce in Arms Act ("PLCAA") barred Rodriguez's claims, *see generally* 15 U.S.C. §§ 7901-03,[2] and (2) suicide is

---

[1] At the time of the summary-judgment proceedings, the surveillance video was no longer available. Rodriguez has not alleged spoliation in this case.

[2] PLCAA prohibits, with six enumerated exceptions, a civil action against manufacturers and sellers of qualified products, such as firearms and ammunition, for damages resulting from

2

an affirmative defense to Rodriguez's claims under Texas law, *see* Tex. Civ. Prac. & Rem. Code § 93.001.

Rodriguez argued in response that PLCAA does not apply because Kristina's use of the firearm was not criminal or unlawful; but, even if the act applies, statutory exceptions allow his claims to proceed. He also argued that Academy could not conclusively establish the affirmative defense of suicide. The trial court granted Academy's motion and dismissed Rodriguez's claims with prejudice without stating any specific basis for its ruling.

Rodriguez appeals.[3]

## Standard of Review

Our review of a summary judgment is de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Because the trial court's summary judgment does not specify the ground or grounds on which it was granted, we uphold the court's judgment if properly supported by any ground asserted in the motion. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661.

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who

---

the criminal or unlawful misuse of the qualified products. *See* 15 U.S.C. §§ 7902(a), 7903(5)(A).

[3] The Supreme Court of Texas ordered the Third Court of Appeals to transfer this case to our court. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

3

conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

**Analysis**

Rodriguez presents four issues for review: (1) PLCAA does not apply; (2) if PLCAA applies, exceptions allow Rodriguez's claims to proceed; (3) the trial court erred by refusing discovery; and (4) the affirmative defense of suicide does not bar Rodriguez's suit. Because Academy's second ground for summary judgment is dispositive, we resolve this appeal based on Academy's state law affirmative defense of suicide. Before addressing that issue, however, we first consider Rodriguez's discovery complaint.

**A.     Rodriguez's Motion to Compel Discovery**

In his third issue, Rodriguez argues that the trial court erred by refusing to compel certain discovery. Before Academy filed its summary-judgment motion, Rodriguez served requests for production on Academy. Academy objected to each request on the same ground—that it could not be compelled to respond to discovery because PLCAA rendered it immune from this suit. Notwithstanding its objections, Academy produced a copy of the firearms transaction record documenting Kristina's purchase, a copy of Academy's federal firearms license, and a copy of the Austin Police Department ("APD") offense report pertaining to Kristina's death. On November 23, 2022, Rodriguez filed a motion to compel

4

Academy's discovery responses. Our record does not include any notice of hearing or submission related to Rodriguez's motion to compel.

On December 12, 2022, approximately three weeks after Rodriguez filed his motion to compel, Academy filed its motion for summary judgment. Rodriguez timely filed a summary-judgment response. Before he filed his response, Rodriguez had not obtained a ruling on his motion to compel or, it appears, set it for hearing. In the section of his summary-judgment response addressing Academy's suicide defense under section 93.001, Rodriguez generally referenced discovery in a single sentence. He said, "[w]ithout being allowed to further explore these matters by deposing Academy's salespeople, Plaintiff is precluded from effectively preparing his case." He did not, however, file a motion for continuance or attach an affidavit under rule 166a(g) explaining that he could not, for the reasons stated in the affidavit, present at that time facts essential to justify his opposition to that part of the summary-judgment motion. *See* Tex. R. Civ. P. 166a(g). Rodriguez attached evidence to his response and argued the merits of Academy's suicide defense.

On January 4, 2023, the court held a hearing on Academy's summary-judgment motion. The reporter's record from that hearing is contained the record on appeal. At the hearing's outset, the court remarked that Rodriguez's motion to compel was pending but proceeded to hear argument on the summary-judgment merits. During the argument, Rodriguez's counsel stated that he needed to conduct more discovery to determine what Academy "did or did not know."

On February 13, 2023, the trial court signed an order granting Academy's motion for summary judgment. In that order, the court denied Rodriguez's motion to compel as moot.

5

When a party contends that it has not had an adequate opportunity for discovery before a summary-judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). The trial court may order a continuance of a summary-judgment hearing "to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Tex. R. Civ. P. 166a(g). Because Rodriguez did not file a verified motion for continuance or an affidavit explaining that he could not, due to Academy's discovery objections, present facts essential to oppose summary judgment on Academy's suicide defense, we conclude he waived his appellate discovery complaint. *See Daniels v. Bertolino*, No. 03-14-00671-CV, 2015 WL 4909929, at *3 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op.); *Yoon v. State*, No. 03-11-00722-CV, 2012 WL 5974071, at *2 (Tex. App.—Austin Nov. 20, 2012, no pet.) (mem. op.) (party waived right to complain of trial court's refusal to grant additional time before rendering summary judgment when party did not file affidavit or verified motion for continuance explaining need for additional discovery); *Mark Prods. U.S., Inc. v. InterFirst Bank Houston, N.A.*, 737 S.W.2d 389, 396 (Tex. App.—Houston [14th Dist.] 1987, writ denied) (holding that because appellant did not file motion for continuance for summary-judgment hearing so that trial court could rule on appellant's motion to compel, complaint on appeal was waived).[4]

---

[4] Rodriguez asserts that he asked the trial court for a continuance but no motion for continuance is contained in the clerk's record or referenced in his summary-judgment response. During the summary-judgment hearing, Rodriguez said that he needed to conduct more discovery from Academy's store employees. Construing counsel's statements during the hearing as a request for a continuance, we again note that no affidavit was filed, which is a prerequisite to a continuance under rule 166a(g). Tex. R. Civ. P. 166a(g).

Rodriguez argues that a motion for continuance, although prescribed by the rules of procedure, was unnecessary in this case. Citing to *Ford Motor Co. v. Castillo*, 279 S.W.3d 656 (Tex. 2009), Rodriguez contends that a motion for continuance would have been futile. In *Castillo*, the parties entered a settlement agreement. *Id.* at 659. Ford then sought permission to obtain discovery implicating the validity of the settlement agreement, which the trial court denied. *Id.* at 659-60. Castillo moved for summary judgment to enforce the settlement agreement. *Id.* at 660. Ford's response renewed its request for discovery, but the trial court granted summary judgment for Castillo. *Id.* Ford appealed, but the court of appeals held that, among other things, Ford waived any error regarding the trial court's denial of its discovery request because it did not comply with rule 166a(g), requiring an affidavit explaining the need for further discovery or a verified motion for continuance. *Id.* at 661-62.

The supreme court reversed. Noting that the trial court "had already ruled that discovery was not going to be allowed," the court reasoned that a continuance would have served no purpose other than to delay the proceedings. *Id.* at 662-63. Thus, Ford's summary-judgment response, in light of its prior filings and the trial court's rulings, sufficiently preserved Ford's complaint that the trial court improperly denied it the opportunity to conduct discovery. *Id.* at 662-63.

Our circumstances are distinguishable. Although Rodriguez moved to compel discovery from Academy before Academy filed its summary-judgment motion, the trial court did not rule on the motion to compel before it granted summary judgment. At the time Academy moved for summary judgment, in contrast to *Castillo*, there was no order denying the motion to compel on which Rodriguez could have based an argument that moving for a continuance of the summary-judgment hearing would have been futile. The fact that a motion to

compel discovery was pending at the time Rodriguez's summary-judgment response was due is not adequate to preserve his appellate complaint; an affidavit or verified motion for continuance was required.  Tex. R. Civ. P. 166a(g).

Rodriguez did not comply with the requirements of rule 166a(g). Accordingly, he did not preserve his appellate issue that the trial court erred by denying his motion to compel discovery.  We overrule his third issue.

## B.    Affirmative Defense

Academy sought traditional summary judgment based on the suicide affirmative defense contained in Texas Civil Practice & Remedies Code section 93.001.  That section states, in relevant part, that it is an affirmative defense to a civil action for damages for personal injury or death:

> that the plaintiff, at the time the cause of action arose, was . . . committing or attempting to commit suicide, and the plaintiff's conduct in committing or attempting to commit suicide was the sole cause of the damages sustained; provided, however, if the suicide or attempted suicide was caused in whole or in part by a failure on the part of any defendant to comply with an applicable legal standard, then such suicide or attempted suicide shall not be a defense.

Tex. Civ. Prac. & Rem. Code § 93.001(a)(2).  Because Rodriguez alleges that his damages resulted from the wrongful death of his daughter, his claims are subject to this affirmative defense.  *See Bracy v. Wal-Mart Stores, Inc.*, No. 02-06-00223-CV, 2007 WL 1228642, at *3 (Tex. App.—Fort Worth Apr. 26, 2007, no pet.) (mem. op.); *see also Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992) ("Defenses that could have been raised against a claim by the injured person may also be raised against the same claim asserted by the person's heirs and estate.").

Academy is not entitled to judgment under section 93.001(a)(2) if its failure to comply with an applicable legal standard was a cause of Kristina's suicide. *See* Tex. Civ. Prac. & Rem. Code § 93.001(a)(2); *Kassen v. Hatley*, 887 S.W.2d 4, 12 (Tex. 1994); *Rubio v. Martinez*, Nos. 13-10-00351-CV, 13-10-00352-CV, 2011 WL 3241905, at *3 (Tex. App.—Corpus Christi–Edinburg July 28, 2011, no pet.) (mem. op); *Bracy*, 2007 WL 1228642, at *3; *Galindo v. Dean*, 69 S.W.3d 623, 625-26 (Tex. App.—Eastland 2002, no pet.).

The record establishes conclusively that Kristina died by suicide. Rodriguez alleged as much, and this fact is confirmed by the APD offense report, attached to Academy's motion.

Academy proved that it did not violate any applicable legal standard that proximately caused Kristina's death and that her suicide was the sole cause of her death. Rodriguez alleged that Academy violated section 922(d)(3)-(4) of the Gun Control Act of 1968, which states that it is "unlawful for any person to sell . . . any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)); [or] has been adjudicated as a mental defective or has been committed to any mental institution at 16 years of age or older." *See* 18 U.S.C. § 922(d)(3), (4).[5]

Academy presented evidence that it did not violate either cited provision of section 922. Academy established that it is a federally licensed firearms dealer and held a valid federal firearms license and that Kristina completed and signed a firearms transaction record required by the federal bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). In completing and signing the ATF form, Kristina represented that she was not "addicted to marijuana or any depressant,

---

[5] *See* Pub. L. 90-618, 82 Stat. 1213 (codified at 18 U.S.C. § 921 *et seq.*).

stimulant, narcotic drug, or any other controlled substance" and that she had never "been committed to a mental institution." She also certified that her answers were "true, correct, and complete" and that she had read and understood the notices, instructions, and definitions on the ATF form. Academy presented evidence that the National Criminal Instant Background Check System instructed Academy that it could "Proceed" with the transaction.

Rodriguez also alleged that Academy breached the standard of ordinary care applicable to firearms sellers. Academy presented evidence disproving a violation of this standard as well. The police report indicated that Kristina entered the business alone and walked in normally before 10:00 p.m. The Academy employee who sold Kristina the gun described her as being in "good spirits" during the sale, and she told him she planned to visit her family the following day and go to the gun range with her father on his birthday.

We conclude that Academy met its initial summary-judgment burden by establishing that Kristina's suicide was the sole cause of the damages sustained because Academy complied with the applicable legal standards alleged by Rodriguez. *See Rubio*, 2011 WL 3241905, at *4; *Bracy*, 2007 WL 1228642, at *3.

The burden shifted to Rodriguez as the nonmovant to bring forth evidence that raised a genuine issue of material fact as to whether Academy failed to comply with an applicable legal standard and that its failure to comply caused in whole or in part the damages. *See Rubio*, 2011 WL 3241905, at *3; *Bracy*, 2007 WL 1228642, at *3. Rodriguez argued in his summary-judgment response that Kristina was "addicted to psychotropic medications, primarily Xanax, a controlled substance, and lithium" and that she "had been involuntarily institutionalized at least twice during her lifetime." Rodriguez relied on the affidavit of Andrew Khachikian, Kristina's fiancé. Khachikian attested that Kristina took "heavy

10

medications for mental diagnoses" and "was involuntarily admitted to Ascension Shoal Creek psychiatric hospital by Austin Police" in 2019. He believed that Kristina "showed typical signs of severe mental distress," was "unable to make sound decisions," and "was clearly not in her right mind" on the day of her death. Khachikian was unaware of Kristina's plan to go to Academy and did not accompany her to the store. Khachikian did not testify that he tried to stop Kristina from leaving their apartment.

Rodriguez contends that Academy generally "should have been put on notice that the purchaser could foreseeably pose a threat to herself or others." Rodriguez posits that, "[a]t a minimum, there is conflicting testimony between Academy's employee who stated that Ms. Rodriguez was 'in good spirits' and her ex-fiancé who maintains that she was 'clearly not in her right mind' before she left the apartment to head to Academy, a fact which was unknown to him at the time."

Assuming the truth of Khachikian's statements, his affidavit does not raise a fact issue that Academy failed to act as a firearms seller of ordinary prudence. Khachikian's affidavit does not establish that Academy knew or should have known that Kristina posed a threat to herself or others. Khachikian, who was not present when Kristina purchased the gun, provided no facts detailing Kristina's actions, words, or conduct that would indicate to a reasonable person that she was exhibiting "typical signs of several mental distress" when she purchased the firearm. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688-89 (Tex. 2006) (per curiam) (affidavit did not set out specific facts from which jury could reasonably infer defendant's knowledge or imputed knowledge; conclusory statements are not competent evidence); *Gifford v. Kelley*, No. 10-09-00380-CV, 2010 WL 1797624, at *3 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.) (same); *Rodriguez v. Spencer*, 902 S.W.2d 37, 45 (Tex. App.—Houston [1st Dist.] 1995, no pet.);

11

*accord also Harris v. Harris Cnty. Hosp. Dist.*, 557 S.W.2d 353, 356 (Tex. App.—Houston [1st Dist.] 1977, no pet.) (albeit in jury context, testimony that plaintiff was "mentally confused and needed care and treatment" did not "clearly and positively establish that the hospital knew or should have known that [the plaintiff] would likely take radical steps to escape from the psychiatric ward or attempt to inflict injury upon himself").

Nor does Khachikian's affidavit constitute evidence that Academy knew or had reasonable cause to believe that Kristina was an unlawful or addictive drug user or had been committed to a mental institution when she was 16 or older. *See Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 845 (Tex. App.—San Antonio 1989, writ denied) (testimony that gun-purchaser appeared, to another customer, to be nervous or in a hurry did not raise a genuine issue of fact whether seller's personnel sold any firearm or ammunition knowing or having reasonable cause to believe that purchaser had been adjudicated as a mental defective); *see also LMB, Ltd.*, 201 S.W.3d at 688-89; *Gifford*, 2010 WL 1797624, at *3.

We conclude that Academy established conclusively the affirmative defense under section 93.001(a)(2), and Rodriguez did not raise a genuine issue of material fact that the suicide was caused in whole or in part by a failure on Academy's part to comply with an applicable legal standard. *See Rubio*, 2011 WL 3241905, at *4; *Bracy*, 2007 WL 1228642, at *1; *Galindo*, 69 S.W.3d at 628.

Accordingly, section 93.001's affirmative defense bars Rodriguez's claims. We overrule Rodriguez's fourth issue, and we do not reach his first two issues challenging summary judgment on the basis of PLCAA.

**Conclusion**

We affirm the trial court's summary judgment.



/s/  Kevin Jewell
    Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.